UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CASE NO. 5:23-CV-106-KKC

NOAH BURNS,                                                                                                           PLAINTIFF,

v.                                       **OPINION AND ORDER**

LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT, *et al.*,                                                       DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Joint Motion to Dismiss (DE 4) of the Defendants, the Lexington-Fayette Urban County Government (LFUCG) and Officer Wesley Sharp ("Sharp"), a police officer for the City who is sued in his individual capacity. For the following reasons, the Court will grant the motion.

**I. FACTS.**

Plaintiff Burns ("Burns") alleges that he was wrongfully prosecuted for driving under the influence of alcohol despite breathalyzer test results not detecting alcohol in his system. (DE 1 at 3.) He alleges that Sharp discarded the negative tests, reported that he refused to take the tests, and then arrested him. (*Id.*) He alleges that he spent the night in jail and was subsequently charged with criminal offenses in the matter. (*Id.*) By Agreed Order between Assistant Fayette County Attorney Mary Tobin and Burns's counsel, these charges were dismissed and the jury trial was cancelled. (*Id.* at 3–4.)

Burns now brings six claims, four under 42 U.S.C. § 1983 and two under state law, against LFUCG, Sharp, and other unnamed Lexington Police Department (LPD) officers and supervisors. In their Joint Motion to Dismiss, LFUCG and Sharp argue that Burns failed to state a claim for municipal liability and destruction of exculpatory evidence. In the alternative,

1

LFUCG and Sharp argue that all of Burns's claims should be dismissed for insufficient service of process.

## II.     ANALYSIS.

### A.     Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555.

### B.     Insufficient Service of Process

Defendants argue that the entire complaint should be dismissed for insufficient service of process because the summons accompanying the service was unsigned by the Clerk of the Court and did not bear the Court's seal. (DE 4 at 5.) A summons must "be signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F)–(G). They further claim that Sharp was not personally served with the summons because it was "left at the LFUCG Division of Police reports desk on or about April 5, 2023." (*Id.*) And even if the location of service was proper, Sharp argues that the unsigned/unsealed summons warrants dismissal.

The Court declines to grant dismissal on these grounds. In this circuit, there is a well-established preference for deciding cases on the merits rather than on procedural deficiencies. *Reedy on behalf of D.R. v. Huron Sch. Dist.*, No. 2:23-CV-10221, 2024 WL 199543, at *4 (E.D. Mich. Jan. 18, 2024) (citing *Buck v. United States Dep't of Agric.*, 960 F.2d 603, 607 (6th Cir. 1992); *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. Apr. 29, 2002)). Federal Rule of Civil Procedure 4(m) is the rule that governs when the plaintiff must serve a defendant with a complaint. It provides, in relevant part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Burns states that "mistakenly an unsigned and unsealed summons was served upon Defendants with a [copies] of the complaint[]." (DE 12 at 8.) Burns further clarified that, upon learning of the mistake, "immediately cured the defect" and served the Defendants with signed and sealed summons. (*Id.*) Burns cured this deficiency within the 90-day period to serve the complaint and summons on a defendant; in fact, he cured it within 30 days from filing the complaint. (*Id.*) Burns correctly notes that the one Northern District of Ohio case that the Defendants cite is distinguishable because the plaintiff did not timely cure the deficiency of service. *See United States v. Nat'l Muffler Mfg., Inc.*, 125 F.R.D. 453 (N.D. Ohio Apr. 20, 1989). Here, Burns immediately acted to rectify the summons deficiency and Defendants have not argued that they suffered any prejudice from the mistake. Accordingly, the Court declines to grant the pending motion on these grounds.

### C. Municipal Liability Claims

Cities and counties can be found liable under § 1983 only where a policy or custom of the

municipality has caused a violation of the plaintiff's constitutional rights. *Thompson v. Ashe*, 250 F.3d 399, 409 (6th Cir. 2001) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978)). Burns asserts that LFUCG, Sharp, and unnamed officers acted and conspired to deprive him of his constitutional right to be free from unlawful prosecution and continued detention without probable cause. (DE 1 at 4.) This claim against LFUCG, however, cannot survive the motion to dismiss.

"A 'custom' for purposes of *Monell* liability must 'be so permanent and well settled as to constitute a custom or usage with the force of law.'" *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507 (6th Cir. 1996) (quoting *Monell*, 436 U.S. at 691). "It must reflect a course of action deliberately chosen from among various alternatives." *Id.* "In short, a custom is a legal institution not memorialized by written law." *Id.* In order for *Monell* liability to attach, there must be proof of some policy or custom that can be attributed to an official policymaker. *Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (quotations and citation omitted). Broad conclusory allegations that an unconstitutional policy exists, without more, is not sufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (finding that the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context).

In his complaint, Burns alleges that the Defendants "made, influenced[,] and/or participated in the decision to prosecute Plaintiff, for which prosecution there was no probable cause and which caused Plaintiff to suffer a deprivation of liberty." (DE 1 at 4.) He further asserts that "[t]he misconduct described . . . was undertaken pursuant to a routine practice of the LPD and the LFUCG to pursue wrongful prosecutions and wrongful convictions through reckless and profoundly flawed investigation and coerced evidence" and "[t]hese widespread practices constitute a *de facto* policy of the LPD and the LFUCG and were able to exist and thrive because municipal policymakers with authority over these Defendants exhibited

4

deliberate indifference to the problem, thereby effectively ratifying it." (*Id.* at 5.)

Burns provides no specific facts that support his allegations of an unconstitutional policy in this case. He points to no policymakers or rules that endorse his claim of the LPD and LFUCG pursuing "wrongful prosecutions and wrongful convictions through reckless and profoundly flawed investigation and coerced evidence." He points only to Sharp's alleged bad conduct in this particular case. These conclusory allegations, post-*Iqbal*, are not enough to survive a motion to dismiss. Accordingly, the Court must dismiss the § 1983 claim of malicious prosecution against LFUCG because Burns's allegations did not contain sufficient facts to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Further, Burns asserts a state law claim for negligent supervision against LFUCG in Count VI. The Defendants argue that sovereign immunity applies to LFUCG because the Kentucky General Assembly "has not waived immunity against governmental entities such as LFUCG for common law tort claims." (DE 4 at 5 (citing *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 132–33 (Ky. 2004)).) In his response, Burns does not dispute this argument, but only argues that the state law claim against Sharp must stand. Accordingly, at this time, the Court will dismiss the state law claim of negligent supervision only against LFUCG.

### D. Exculpatory Evidence Claim

Sharp argues that Count II, which asserts a § 1983 claim of failure to disclose exculpatory evidence and fabrication of false evidence, should be dismissed because the criminal proceedings underlying the claim were dismissed prior to trial. (DE 4 at 6.) The Sixth Circuit explained that when the underlying criminal proceeding is terminated in the plaintiff's favor, "he has not been injured by the act of wrongful suppression of exculpatory evidence." *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988). Burns's prior criminal

5

proceeding underlying the case at bar was dismissed by Agreed Order prior to trial. Further, he provides no counterargument to the Sixth Circuit's reasoning in his response. Accordingly, he has failed to state a viable claim and Count II must be dismissed.

### III.   CONCLUSION.

For all the above reasons, the Court hereby ORDERS that the Defendants' joint motion to dismiss (DE 4) is GRANTED in part and DENIED in part as follows:

1) The motion is GRANTED as to Counts I and VI against LFUCG and Count II against Sharp and these claims are hereby dismissed;

2) LFUCG is DISMISSED as a party in this action;

3) The motion is otherwise DENIED; and

4) As a result of this opinion, the sole remaining claims in this action are: Count I against Sharp and unnamed LPD officers and supervisors; Count III against unnamed LPD officers and supervisors; Count IV against unnamed LPD officers and supervisors; Count V against Sharp and unnamed LPD officers and supervisors; and Count VI against unnamed LPD officers and supervisors.

This 6th day of March, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY